UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER MCCOWEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11-12216-DPW |
| ) | |
| ANTHONY MENDONSA ) | |
| ) | |
| Respondent ) | |

## ANSWER

Pursuant to Rule 5 of the Rules governing Section 2254 cases in the United States District Courts, the respondent hereby answers the petition for a writ of habeas corpus of the petitioner Christopher McCowen.

1(a).   Admitted.

1(b).   Admitted.

2(a).   Denied.  Answering further, respondent states that the date of the conviction was November 16, 2006.

2(b).   Denied.  Answering further, respondent states that the date of sentencing was November 16, 2006.

3.   Admitted.  Answering further, respondent states that petitioner was sentenced to three concurrent life sentences.

4.   Admitted.

5.   Admitted.

6(a).   Admitted.

6(b).   N/A.

6(c).   Admitted.

7.   Admitted.

8.   Admitted.

9(a).   Admitted.

9(b).   Admitted.

9(c).   Admitted.

9(d).   Admitted.

9(e).   Admitted.

9(f).   Admitted. Answering further, respondent states that in his direct appeal, petitioner also challenged the trial court's allowance of a medical examiner and a DNA analyst who did not perform the original examinations and testing

9(g).   Admitted.

9(h).   Admitted.

10.   Denied.

11(a)(6).   Denied.

11(b)-(e).   Left blank by petitioner.

12. GROUND ONE:

(a). The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required. To the extent that paragraph 12 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings.

    (b). Left blank by petitioner.

    (c). Left blank by petitioner.

    (d). Left blank by petitioner.

    (e). Left blank by petitioner.

GROUND TWO:

    (a). The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required. To the extent that paragraph 12 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings.

    (b). Denied.

    (c)(1). Admitted.

    (c)(2). Denied.

    (d)(1). Admitted.

    (d)(2)-(7). Left blank by petitioner.

    (e). Admitted.

GROUND THREE: Left blank by petitioner.

GROUND FOUR: Left blank by petitioner.

13(a). Admitted as to the fact that all grounds have not been exhausted. Denied as to the reasons.

13(b). Denied.

14. The respondent states that he lacks knowledge or information sufficient to admit

or deny the allegations contained in this paragraph.

15.     Denied.

16(a)-(g).     Admitted.

17.     The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

18.     Left blank by petitioner.

Pursuant to Rule 5, Respondent's Supplemental Materials will be filed manually containing the following documents:

1. Barnstable Superior Court Docket Sheets, *Commonwealth v. McCowen*, No. BACR2005-00109

2. Massachusetts Supreme Judicial Court Docket Sheets, *Commonwealth v. McCowen*, No. SJC-09935

3. Defendant's Brief to the Massachusetts Supreme Judicial Court, *Commonwealth v. McCowen*, No. SJC-09935

4. Commonwealth's Brief to the Massachusetts Supreme Judicial Court, *Commonwealth v. McCowen*, No. SJC-09935

5. Defendant's Reply Brief to the Massachusetts Supreme Judicial Court, *Commonwealth v. McCowen*, No. SJC-09935

6. *Commonwealth v. McCowen*, 458 Mass. 461, 939 N.E.2d 735 (2010)

The trial transcripts are available upon request of the Court.

### First Defense

The petition should be denied because it fails to state a claim upon which relief may be granted.

### Second Defense

The petition should be denied because the decision of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal

law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

### Third  Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

### Fourth Defense

The petition should be denied to the extent it raises questions of state law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

### Fifth Defense

The Petition should be denied to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Sixth Defense

The Petition contains grounds that are unexhausted.


Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

                                              Respectfully submitted,
                                              MARTHA COAKLEY
                                              Attorney General

                                              /s/ Susanne G. Reardon
                                              Susanne G. Reardon
                                              Assistant Attorney General
                                              Criminal Bureau
                                              One Ashburton Place
                                              Boston, Massachusetts 02108
                                              (617) 963-2832
Dated: March 15, 2012                      BBO # 561669

## CERTIFICATE OF SERVICE

     I hereby certify that this document was served upon Christopher McCowen, pro se, W88688, P.O. Box 8000, Shirley, MA 01464 by first class mail, postage pre-paid, on March 15, 2012.


                                              /s/ Susanne G. Reardon
                                              Susanne G. Reardon