**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CHRISTOPHER MCCOWEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-12216-DPW |
| | ) | |
| ANTHONY MENDONSA | ) | |
| | ) | |
| Respondent | ) | |

**RESPONDENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF THE MOTION TO DISMISS**

This memorandum of law is submitted in support of the respondent's Motion to Dismiss the habeas corpus petition filed by Christopher McCowen (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has failed to exhaust his available state court remedies as to one of the claims in his petition. *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). The respondent has not briefed his remaining defenses because the petitioner's failure to exhaust mandates dismissal of the entire petition.[1]

---

[1] Since it is clear from the petitioner's brief to the Supreme Judicial Court (S.A. 73-122) that the petitioner has failed to exhaust available state remedies, the respondent will not, in the interest of economy, address any additional affirmative defenses. Should this Court rule that the petitioner has exhausted his state remedies, the respondent respectfully requests additional time to file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

## PRIOR PROCEEDINGS

On June 14, 2005, a Barnstable County grand jury returned a three count indictment charging the petitioner with one count of murder, in violation of M.G.L. c. 265, § 1; one count of aggravated rape, in violation of M.G.L. c. 265, § 22(a); and one count of armed burglary, in violation of M.G.L. c. 266, § 14. (S.A. 8).[2] On July 13-14, and 17-18, 2006, the motion judge held an evidentiary hearing on the petitioner's motion to suppress statements, his motion to dismiss and/or suppress the results of his arrest, motion to Dismiss II, and his motion to suppress DNA results (S.A. 17). On September 21, 2006, the motion judge issued his findings of fact and rulings of law denying the defendant's motions (Nickerson, J.). (S.A. 19).

A jury trial commenced on October 16, 2006, Nickerson, J. presiding (S.A. 22). On November 16, 2006, the jury found the petitioner guilty of: 1) murder in the first degree based upon the theories of extreme atrocity or cruelty and felony murder; 2) aggravated rape; and 3) aggravated or armed burglary (S.A. 31). Justice Nickerson sentenced the petitioner to life imprisonment without the possibility of parole on the murder conviction and concurrent natural life sentences on the other two convictions (S.A. 32).

On December 12, 2006, the petitioner filed a motion for new trial alleging juror misconduct (S. A. 33). The trial judge conducted an evidentiary hearing over four days which included post-conviction juror interviews (S.A. 40-42). On April 4, 2008, the Justice Nickerson issued a memorandum containing detailed findings of fact and rulings of law denying the motion for new trial (S.A. 42). The petitioner filed a notice of appeal from this denial on April 11, 2008 (S.A. 42).

The petitioner filed a second motion for new trial on November 29, 2007 (S.A. 38). On

---

2  The Respondent's Supplemental Answer will be referred to as S.A. --.

April 4, 2008, Justice Nickerson denied this motion without prejudice to re-filing with a proper supporting affidavit (S.A. 42).  A renewed motion was filed on February 20, 2009 with an affidavit from the petitioner's trial counsel (S.A. 43).  Justice Nickerson denied this motion on June 9, 2009 finding "no substantial issue or basis for a new trial" (S.A. 43-44).  The petitioner filed a notice of appeal from this denial on June 23, 2009 (S.A. 44).  The direct appeal was consolidated with the appeals from the denial of the two motions for new trial.  (S.A 47).

On direct appeal, the petitioner raised the following claims: 1) the court's allowance of a medical examiner and a DNA analyst who did not perform the original examinations and testing was error; 2) the court's removal of a deadlocked deliberating juror was reversible error; 3) the court committed reversible error when it found McCowen's unrecorded statement voluntary; 4) the court's denial of the defendant's motion for new trial based on juror misconduct should have been allowed; 5) the court erred in denying the defendant's motion for new trial based on the Commonwealth's withholding of exculpatory evidence;  6) the court erred in denying the defendant's motion to dismiss the indictments both before and after the presentation of evidence; 7) media frenzy mandated change of venue/sequestration; 8) whether the court erred in the restriction of Dr. Brown's testimony and admission of bad acts evidence; and 9) the verdicts should be reversed pursuant to G.L. c. 278, § 33E.  (S.A. 73-122).  The Supreme Judicial Court affirmed the convictions and the denials of the motions for new trial on December 10, 2010.  *Commonwealth v. McCowen*, 458 Mass. 461, 939 N.E.2d 735 (2010) (S.A. 220).

On December 14, 2011, the petitioner filed a petition for writ of habeas corpus with this Court.  The respondent now files an Answer, Supplemental Answer, and Motion to Dismiss for Failure to Exhaust State Court Remedies together with this memorandum of law in support of his

motion to dismiss.[3]

# ARGUMENT

### THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO SEVERAL CLAIMS IN HIS PETITION.

It is well-established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-262 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995); *Mele*, 850 F.2d at 819. *See also Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

"It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele*, 850 F.2d at 820 (citations omitted). *See also Clements v.*

---

[3] A third motion for new trial was also filed on October 5, 2010 and remains pending in the Superior Court (S.A. 44).

*Maloney*, 485 F.3d 158, 168 (1st Cir. 2007), citing to *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) and *Barresi v. Maloney*, 296 F.3d 48, 52 n.1 (1st Cir. 2002) (claims omitted from on ALOFAR are unexhausted). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In this case, by his own admission, Petitioner never raised his second claim to the SJC. See Petition at p. 8. The claim was not included in his brief to the SJC. Therefore, where the petition contains claims which are unexhausted, it is a "mixed" petition. *See Rose*, 455 U.S. at 520-22. "Where a petition is deemed mixed, district courts must either dismiss the petition (in compliance with the total exhaustion rule announced in *Rose, id*. at 522), or permit the petitioner to dismiss his unexhausted claims." *Clements v. Maloney*, 485 F.3d at 168-169.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition or, in the alternative, allow the petitioner the option to delete the unexhausted claim.

                                                  Respectfully submitted,
MARTHA COAKLEY
Attorney General

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2832

Dated: March 15, 2012                                    BBO # 561669

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served upon

Christopher McCowen, *pro se*
W88688
P.O. Box 8000
Shirley, MA 01464

by first class mail, postage pre-paid, on March 15, 2012.

/s/ Susanne G. Reardon
Susanne G. Reardon
