UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER MCCOWEN, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. |
| ) | 11-12216-FDS |
| ANTHONY MENDOSA, ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER
ON PETITION FOR HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Christopher McCowen is an inmate at Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts.

**I.     Background**

On January 6, 2002, a woman named Christa Worthington was found murdered in her home in Truro, Massachusetts. Christopher McCowen was indicted for her murder in 2005. On November 16, 2006, a jury found McCowen guilty of (1) murder in the first degree based upon theories of extreme atrocity or cruelty and felony murder, (2) aggravated rape, and (3) aggravated burglary. He was sentenced to life imprisonment without the possibility of parole on the murder conviction and concurrent natural life sentences on the other two convictions.

McCowen appealed directly to the Supreme Judicial Court, which affirmed the convictions in a lengthy and detailed opinion. *See Commonwealth v. McCowen*, 458 Mass. 461 (Mass. 2010). He now seeks federal habeas corpus relief. He asserts two grounds for habeas

corpus relief: (1) failure to dismiss the grand jury indictment because the grand jurors knew the victim and the victim's family and (2) ineffective assistance of counsel.

Respondent Anthony Mendosa has moved to dismiss for failure to exhaust state court remedies along with a memorandum in support of that motion.

**II.     Analysis**

Before the Court can evaluate the merits of a petitioner's constitutional claims, it must evaluate whether the claims were fairly presented to and exhausted in state court.  28 U.S.C. § 2254(b)(1)(A).  "This exhaustion requirement . . . is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'"  *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011), quoting *Rose v. Lundy*, 455 U.S. 509 (1982).  The petitioner bears a "heavy burden" to demonstrate that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim."  *Coningford*, 640 F.3d at 482, quoting *Adelson v. DiPaola*, 131 F.3d 259 (1st Cir. 1997).

The First Circuit has identified at least five ways to satisfy the "fair presentment" requirement:  (1) reliance on a specific provision of the Constitution, (2) substantive and conspicuous presentation of a federal constitutional claim, (3) on-point citation to federal constitutional precedents, (4) identification of a particular right specifically guaranteed by the Constitution, and (5) assertion of a state-law claim that is functionally identical to a federal constitutional claim."  *Coningford*, 640 F.3d at 482.

These five methods of showing fair presentment are not exhaustive:  the essential question is whether "the presentation in state court alerted that tribunal to the claim's federal

quality and approximate contours." *Coningford,* 640 F.3d at 482.

### A. **Ineffective Assistance of Counsel**

McCowen alleges that his counsel was constitutionally ineffective at trial and on appeal. That claim was not raised on direct appeal in the Massachusetts courts, nor has it been raised in any other manner in the state court. *Commonwealth v. McCowen*, 458 Mass. 461 (Mass. 2010). As a result, no Massachusetts court has had an opportunity to rule on this issue. Indeed, McCowen himself acknowledges in his petition that he failed to exhaust his state remedies as to this claim. He contends that he failed to exhaust his state remedies because of his lack of education and unfamiliarity with the court system. He also maintains that the very lawyer who was ineffective at trial handled his appeal, thus preventing him from raising the issue on appeal.

Under similar circumstances, another district court has held that ineffective assistance of counsel is not "cause" to excuse a petitioner's failure to exhaust state remedies. *King v. Mantello*, 2003 WL 1873618, at *2 (E.D.N.Y. Apr. 11, 2003). This Court likewise does not find cause to excuse the exhaustion requirement under these circumstances. McCowen clearly failed to exhaust his state remedies as to his ineffective assistance of counsel claim.

### B. **Alleged Grand Jury Bias**

McCowen also contends that the grand jury indictment should have been dismissed due to bias. Specifically, he contends that one of the grand jurors who participated in returning the indictments against him knew the victim and the victim's family. He does not explicitly allege a constitutional violation; however, he appears to allege that he had a right to be present and to ask questions of this grand juror when she was questioned by a judge about her relationship with the victim.

The Court is not necessarily convinced that petitioner fairly presented this argument to the Supreme Judicial Court of Massachusetts. While he did raise the issue of grand jury bias, he relied solely on Massachusetts cases and statutes to support his argument, and there is no allegation that the state-law claim asserted there is "functionally identical" to a federal constitutional claim. Although the factual basis of petitioner's claim was clearly before the state court, it is by no means obvious that the legal basis was as well.

Nonetheless, the government has taken the position that petitioner has exhausted his state remedies as to this claim. *See* Resp. Br. at 5 (referring to petitioner's petition as a "mixed" petition, and asking Court to "dismiss the habeas corpus petition or, in the alternative, to allow petition the option to delete the unexhausted [ineffective assistance of counsel] claim."). Accordingly, for purposes of this motion to dismiss, the Court will treat petitioner's claim of grand jury bias as exhausted.

### C. **Appropriate Disposition of "Mixed Petition"**

Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005); *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004). Stays should be used sparingly, because they undermine the goal of the exhaustion requirement, which is finality. *Rhines*, 544 U.S. at 277. However, a court may exercise the option to stay resolution of the exhausted claims and hold the petition in abeyance if the petitioner had good cause for his failure to exhaust, and if his unexhausted claims are not

plainly without merit.  *Id.* at 278.

A stay of a mixed petition may also be proper where dismissal without prejudice would foreclose a petitioner from returning to the district court with a later petition—for example, where the statute of limitations period would expire before the petitioner could exhaust his claims.  *See Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).  The First Circuit has recommended the use of a stay to preserve a timely-filed, mixed habeas petition when "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely." *Delaney v. Matesanz,* 264 F.3d 7, 14 n.5 (1st Cir. 2001); *see also Nowacyzk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 79 (1st. Cir. 2002) ("[W]e have indicated that district courts presented with mixed petitions should take seriously any request for a stay."); *Neverson*, 366 F.3d at 42.

McCowen filed this habeas petition on December 9, 2011.  Because his conviction likely became final after the SJC affirmed his convictions on December 10, 2010, the limitations period would almost certainly have expired shortly thereafter.  *See*  28 U.S.C. § 2244(d)(1)(A).  If this Court were to dismiss this petition without prejudice, the clock would begin to run again, making it nearly impossible for McCowen to exhaust his state remedies and timely refile his petition in federal court.  *See Dolis*, 454 F.3d at 724; *Palmer v. Carlton*, 276 F.3d 777, 780.  Therefore, it appears that dismissing these claims without prejudice would in effect be a permanent bar to litigation.  *See Dolis* , 454 F.3d at 724.

Given that McCowen is a *pro se* petitioner with limited literacy and legal skills, and that dismissing the petitioner would almost certainly preclude him from returning to federal court after exhausting his state remedies, this Court is inclined to stay this petition to allow the

petitioner to exhaust his state remedies.  The Court recognizes, of course, that avenues for exhaustion may no longer be available at the state level, as time for further review may have elapsed.  The Court takes no position as to that question.

### III.     Conclusion

In light of the foregoing analysis, the Court has concluded that the petition should be stayed pending exhaustion of state remedies.  No evidentiary hearing is required at this time.  The petition should be stayed pending exhaustion of state remedies.  Accordingly, the petition is hereby STAYED.

**So Ordered.**

    /s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 19, 2012